ANN LOUISA CULVER

*v.*

JAMES K. BADGER and others.

An assumption of a mortgage contained in a deed made to a married woman, without her knowledge or consent, and never delivered to her, does not bind her.

---

Bill for decree for deficiency on a mortgage. On final hearing on pleadings and proofs.

*Mr. J. W. Herbert, Jr.*, for complainant.

*Mr. J. R. Hardenbergh*, for Mr. Badger.

THE CHANCELLOR.

The bill is filed to obtain a personal decree for deficiency against Jennie K. Badger, a married woman, and Milton F. King. The complainant is the holder of a mortgage dated June 16th, 1870, which was given by Sarah Bonner and her husband to Delos E. Culver, to secure the payment of $2,750, with interest. The mortgage was subsequently assigned by Culver to James Mallory, by whom it was, on the 13th of October, 1872, assigned to the complainant. At the time when it was assigned to the complainant the mortgaged premises had been sold under foreclosure of a prior mortgage for an inconsiderable sum, not sufficient to pay that encumbrance. The claim of liability on which the complainant bases this suit is founded on an assumption of the mortgage and agreement to pay it contained in a deed for the mortgaged premises from James H. Fitzgerald and his wife to Mrs. Badger, dated March 10th, 1871. The property was conveyed to Fitzgerald by Sarah Bonner and her husband, by deed dated September 1st, 1870, and Fitzgerald thereby assumed and agreed to pay the mortgage. After the conveyance by Fitzgerald to her, Mrs. Badger and her husband conveyed the premises to Milton T. King, by deed containing an assumption and agreement on his part to pay the mortgage.

Mrs. Badger has answered, and testimony has been taken in support of her answer. By her answer she alleges that she never, in fact, assumed or agreed to pay the mortgage; that the deed from Fitzgerald to her was never delivered to her, and was executed to her without her knowledge or consent; that the property was purchased from Fitzgerald by her husband, who paid for it with his own money; that he bought it without her knowledge, and for his own purposes, and that, without informing her of the fact, he caused the

deed to be made to her; that she had no interest whatever in the premises, and had no knowledge of the covenants contained in the deed; that she never read the deed, and does not remember that she ever saw it; that she never had possession of the premises, nor derived any revenue from them, but that her husband had the exclusive control of them, and appropriated all the revenues and benefits thereof to his own use; and further, that he never informed her that the deed had been made to her until the time when the conveyance was made to King, and that he never informed her of the agreement of assumption and payment therein contained. She further says, that when she executed with her husband the deed to King, she did so at the request of and for her husband, and presumed at the time that she was thereby merely joining him in the way in which she had frequently before then done in the conveyance of property owned by him, and the title whereto was held by him; that she received no part of the consideration of the sale and conveyance to King, and that she considered the property to be her husband's, and paid no attention to the terms or conditions of the sale.

The testimony of Mrs. Badger and her husband fully sustains the answer. The complainant's claim against Mrs. Badger is one which can only be enforced in equity. *Klapworth* v. *Dressler*, 2 *Beas.* 62. It stands or falls with Fitzgerald's right to be indemnified by her against his liability in his assumption of and agreement to pay the complainant's mortgage. His claim to indemnity depends on whether she accepted the deed from him to her. The proof is, that she never did, in fact, accept it. It was never delivered to her, nor to any person for her who was authorized to receive it for her. The transaction from which it arose, and of which it constituted a part, was wholly between her husband and Fitzgerald. She neither paid nor furnished any part of the consideration of the deed. Her husband paid or furnished the whole, and took the deed in her name for his benefit. She was, under the circumstances, merely an

involuntary trustee of the legal title of the property for him.  If the conveyance to her were regarded as a gift to her from her husband, (which it appears not to have been, in fact,) she does not appear to have accepted it with the knowledge of the assumption which it contained.  But it is urged that her acceptance will be presumed from the fact that she conveyed the property to King.  The presumption, however, may be rebutted; and it is evident that the conveyance was under circumstances which forbid the presumption.  She was acting merely as her husband's trustee of the title in making the conveyance to King, and was not, in fact, aware of the existence of the assumption in the deed to her.  As between her and Fitzgerald there was no assumption.  There is no liability on her part to the complainant.  *Crowell* v. *Hospital of St. Barnabas*, 12 *C. E. Gr.* 650; *Van Horn* v. *Powers*, 11 *C. E. Gr.* 257; *Lawrence* v. *Finch*, 2 *C. E. Gr.* 234.  Under the circumstances, she is not entitled to costs.